# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2678NE

_____

| | | |
|---|---|---|
| Burlington Northern Railroad Company, a Delaware Corporation, | * * * | |
| Appellee, | * * | |
| | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the District of |
| | * | Nebraska. |
| Judds Brothers Construction Company, a Nebraska Corporation, | * * * | |
| Appellant. | * | |

_____

Submitted: April 21, 1999

Filed: July 9, 1999

_____

Before RICHARD S. ARNOLD and WOLLMAN,[1] Circuit Judges, and WOLLE,[2] District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

---

[1]The Honorable Roger L. Wollman became Chief Judge of this Court on April 24, 1999.

[2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa, sitting by designation.

Judds Brothers Construction Company prevailed at trial in this case and obtained a jury verdict for damages on its counterclaim for breach of contract against Burlington Northern Railroad Company. The District Court[3] granted Burlington Northern's motion for judgment as a matter of law and vacated the jury verdict. Judds Brothers appeals, and we affirm.

Judds Brothers' counterclaim was based on a written settlement agreement it entered into with Burlington Northern that resolved a dispute over a construction project Judds performed at one of Burlington's facilities. According to Judds, as part of the settlement Burlington agreed to reinstate Judds as a supplier of construction services and allow Judds to bid on all of Burlington's future construction projects which Judds could feasibly perform. In addition, Judds contends that Burlington agreed that if Judds was the low bidder on any of these projects, then it would be awarded the contract. Judds claims that Burlington broke this agreement when it failed to allow Judds to bid on several projects and also refused to award Judds two contracts on which it was the low bidder.

It is undisputed that nothing in the written agreement can be construed as providing for the terms Judds alleges.[4] At trial, Judds attempted to supplement the written agreement with extrinsic evidence of these additional terms. After hearing all

---

[3]The Hon. Lyle E. Strom, United States District Judge for the District of Nebraska.

[4]The agreement states only that Burlington would write "a letter indicating that the litigation here resulted from a misunderstanding between the parties and that the controversy has been resolved to the mutual satisfaction of Burlington Northern and Judds Brothers." The letter, which was written shortly after the agreement was signed, was addressed "To Whom It May Concern:" and states that "Judds Brothers Construction continues to be a supplier of construction services to the Burlington Northern Railroad. Judds has also provided tie rehabilitation service to the Burlington Northern since 1987."

of the evidence, the District Court held that the written agreement was the only competent evidence of the terms of the settlement, and concluded that Burlington was entitled to judgment as matter of law.

Most of the arguments urged on appeal involve the application of general principles of Nebraska contract law. These issues were ably addressed by the District Court's memorandum opinion, and we see no reason to undertake a protracted discussion on the subject. As for the appellant's constitutional challenge and any other arguments not addressed by the District Court's opinion, we have thoroughly examined the record and the transcripts and find these issues to be without merit.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.